Case 7:20-cv-00379 Document 27 Filed on 08/02/21 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
August 02, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § § VS. § § 1.554 ACRES OF LAND, more or less, in § STARR COUNTY, TEXAS; LAURO § RIOJAS; and RAMIRO RIOJAS; ONOFRE § GUERRA; and MELCHOR RODRIGUEZ, § § Defendants. § | CIVIL ACTION NO. 7:20-cv-00379 |

## OPINION AND ORDER

The Court now considers the "United States' Advisory to the Court and Amicus Brief Regarding Ownership."[1] On July 6, 2021, the Court found that:

> Defendant Lauro Riojas owns 75% of the 1.4054 acres of land that constitute a portion of the 1.554-acre Tract RGV-RGC-2031 that the United States seeks to take in this case. The Court finds that Defendant Ramiro Riojas owns the remaining 25% of the same 1.4054 acres of land. Approximately 0.1486 acres of land—that is, the total 1.554 acres of Tract RGV-RGC-2031 minus the 1.4054 acres resolved in this opinion—that the United States seeks to take is unaccounted for.[2]

In light of the unaccounted ownership, the Court ordered all parties to file a brief no later than July 30th that explained "the ownership interests in the approximately 0.1486-acre remainder."[3]

Only the United States timely filed a brief. The United States' "advisory," however, is in the nature of a motion for reconsideration. The United States contends that the parent tract is 2.81 acres, so the two 1.405-acre conveyances discussed in the Court's July 6th opinion, the United

---

[1] Dkt. No. 26.
[2] Dkt. No. 25 at 5.
[3] *Id.*

1 / 4

States argues, each conveyed a "50% undivided interest in the parent tract."[4] The United States essentially contends that, when the state court's 1939 partition decree vested Melchor Rodriguez and Casiana Rojas with title to the 2.81-acre parent parcel at issue in this case, Melchor Rodriguez and Casiana Rojas each owned an undivided 50% interest in the whole parcel as tenants in common. Then, their undivided interests descended separately, resulting in Defendant Lauro Riojas owning all of Melchor Rodriguez's original 50% interest, but Defendants Lauro Riojas and Ramiro Riojas each jointly owning Casiana Rojas's original 50% interest. The United States contends that the ultimate result is that Lauro Riojas possesses 75% ownership of the *whole* 2.81-acre parent parcel and Ramiro Riojas possesses the remaining 25%.[5]

The Court will treat Plaintiff's advisory as a motion to reconsider the Court's July 6th order which determined that only the ownership of 1.4054 acres of the tract had been established. Motions to reconsider interlocutory judgments (those orders that "adjudicat[e] fewer than all the claims or the rights and liabilities of fewer than all the parties"[6]) are reviewed under Federal Rule of Civil Procedure 54(b).[7] "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[8] "The standard of review for reconsideration of interlocutory orders is as justice requires" and is evaluated under the relevant circumstances in the discretion of the Court.[9]

---

[4] Dkt. No. 26 at 2, ¶ 5.
[5] *Id.* at 3–4, ¶¶ 9–11.
[6] FED. R. CIV. P. 54(b).
[7] *Pro Valley Foods, L.L.C. v. Bassett & Walker Int'l, Inc.*, No. 7:19-cv-106, 2020 WL 1150128, at *4, 2020 U.S. Dist. LEXIS 41727, at *10–11 (S.D. Tex. Mar. 9, 2020) (Alvarez, J.).
[8] *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quotation omitted).
[9] *Lexington Ins. Co. v. ACE Am. Ins. Co.*, 192 F. Supp. 3d 712, 714 (S.D. Tex. 2016) (Harmon, J.) (quotation omitted).

Contrary to the United States' assertion that "the Court only accounted for one of the two 1.405 acre conveyances, which may have resulted in a misunderstanding of the title and ownership interest allocation,"[10] the Court discussed the 1963, 1967, and 1981 conveyances and quoted directly from them to find that each instrument only conveyed "1.405 undivided acres of land" *out of* the 2.81-acre parent parcel.[11] This Court recently held that a "co-tenant cannot unilaterally convey a partitioned segment of a larger parcel."[12] The United States implies otherwise, but cites no authority to support its position. The Court's independent research disclosed that Texas law treats such conveyances—for example, a conveyance of 1.405 acres when the grantor only holds a 50% undivided interest in 2.81 acres—as voidable.[13]

Nevertheless, the conveyances at issue here appear to ultimately vest all 2.81 acres in Defendants Lauro Riojas and Ramiro Riojas as tenants in common over the whole parcel. Under the doctrine of equitable partition, the Court may proceed as if the 20th century 1.405-acre conveyances actually operated as conveyances of 50% undivided interests over the whole 2.81-acre parcel.[14] Furthermore, the Court has repeatedly held that failure to timely file briefs will be treated as non-opposition to any determination of title and distribution of just compensation.[15] In the absence of any other interpretations, the Court agrees with the United States that Lauro Riojas owns 75% of the 2.81-acre parent parcel (Share 51 of Porcion 66 in Starr County) out of which the United States seeks to take 1.554 acres and that Ramiro Riojas owns 25% of the same.[16] In

---

[10] Dkt. No. 26 at 2, ¶ 5.
[11] Dkt. No. 25 at 3–4 (quotation omitted).
[12] *United States v. 2.602 Acres of Land, more or less, in Starr Cnty.*, No. 7:20-cv-283, Dkt. No. 28 at 4 (S.D. Tex. Mar. 12, 2021) (Alvarez, J.) (citing *Tenancy in Common - Conveyance by Metes and Bounds - Partition*, 30 HARV. L. REV. 403 (1917)).
[13] *See Thomas v. Sw. Settlement & Dev. Co.*, 123 S.W.2d 290, 297 (Tex. 1939).
[14] *See id.* at 295–96.
[15] Dkt. No. 23 at 2; Dkt. No. 25 at 5.
[16] *See* Dkt. No. 26 at 4, ¶ 12.

light of this title determination, the Court **DISMISSES** Defendants Onofre Guerra and Melchor Rodriguez from this case, leaving only Defendants Lauro Riojas and Ramiro Riojas in this case.

The title issues now having been resolved,[17] the Court **ORDERS** Plaintiff United States to (1) file dismissal documentation no later than August 20, 2021, setting forth the amount of just compensation to be paid for revesting title and dismissing the case; (2) file a joint or unilateral motion no later than August 20, 2021, proposing just compensation, immediate possession, and all other proposed terms to conclude this case; or (3) file a status report no later than August 20, 2021, showing why the United States could not accomplish the former two options. Although Defendants have indicated their disinterest in this case,[18] if Defendants choose to participate, they must file their own motion or status report no later than **August 20, 2021**, or the Court will treat Defendants as unopposed to the relief the United States seeks.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 2nd day of August 2021.

_____
Micaela Alvarez
United States District Judge

---

[17] *See* Dkt. No. 23.
[18] *See* Dkt. No. 21 at 2.